UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

DANIEL W. JOHNSON,                                                  03-CV-0765E(Sc)

               Plaintiff,                                          MEMORANDUM

       -vs-                                                                          and

ROADWAY EXPRESS, INC.,                                             ORDER[1]

               Defendant.
_____

      Plaintiff commenced this action on October 10, 2003 alleging that his former employer, defendant Roadway Express, Inc., violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101 *et seq.*, and the New York Human Rights Law, Executive Law §296 *et seq.*, by refusing to allow him to return to work as a truck driver after he failed a United States Department of Transportation ("DOT") physical due to plaintiff's 20/200 vision in his right eye. Defendant moved for summary judgment on August 9, 2004, which the undersigned granted on December 21, 2004 finding that plaintiff was not "disabled" as defined by the ADA. Defendant moved on January 14, 2005, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("FRCvP 11"), for sanctions against plaintiff and plaintiff's attorney, R. Lynette Copeland, Esq., claiming that plaintiff's case had no basis in fact or law and should never have

---

[1] This decision may be cited in whole or any part.

been brought or should have been voluntarily withdrawn. Defendant's motion for sanctions was submitted on the papers on December 16, 2005. For the foregoing reasons, defendant's motion will be granted and Copeland will be sanctioned $1,000.

The facts of this case are set forth in detail in the Court's December 21, 2004 Memorandum and Order ("December 21 Order") and do not need to be recited here. *See Johnson* v. *Roadway Express, Inc.*, 2004 WL 2958470 (W.D.N.Y. 2004). Prior to filing its Motion for Summary Judgment, defendant requested that plaintiff voluntarily withdraw his complaint as it had no basis in law or fact. On July 22, 2004, defendant sent plaintiff a copy of drafts of its memoranda in support of its motions for summary judgment and for sanctions with a letter indicating that defendant would file both motions unless plaintiff voluntarily withdrew his complaint. Plaintiff refused. In its memoranda, defendant makes clear that, not only is plaintiff not disabled within the meaning of the ADA, but that it was not possible for defendant to "accommodate" plaintiff by hiring him either as a dockworker or as a clerical worker. Defendant moved for sanctions on January 14, 2005, and, after several adjournments of and/or non-appearances for the oral arguments on the motion for sanctions, defendant submitted its motion on the papers on December 16, 2005.

Defendant claims that FRCvP 11 sanctions are appropriate here because plaintiff's claims are baseless and frivolous.  In particular, DOT regulations prevented plaintiff from returning to his job as a line haul driver and plaintiff and Copeland were aware of such.  Plaintiff and Copeland were also aware that plaintiff's vision impairment did not prevent him from driving automobiles or lesser trucks; in fact, plaintiff's vision impairment did not prevent him from being employed as a dump and triaxial truck driver for Woodruff Construction. Plaintiff's theory in pursuing this action was that defendant should have provided him with another job opportunity — either as a dockworker or as a clerical worker —, although, again, plaintiff and Copeland were aware that plaintiff was not a member of the appropriate union to be hired as a dockworker and plaintiff did not have the necessary skills to be hired as a clerical worker.  Nevertheless, plaintiff pursued this action.

In response, plaintiff claims that this action was brought in good faith because defendant would not respond to his inquiries regarding hiring him. Copeland also argues that sanctions are not appropriate because (1) the case is closed, (2) the motion was only electronically served and (3) plaintiff wanted to know if defendant could reasonably accommodate plaintiff.

First, this Court has jurisdiction to impose sanctions because "[w]henever a district court has federal jurisdiction over a case, it retains ancillary jurisdiction

after dismissal to adjudicate collateral matters". *In re Austrian & German Bank Holocaust Litig.,* 317 F.3d 91, 98 (2d Cir.2003); *see also Cooter & Gell* v. *Hartmarx Corp.,* 496 U.S. 384, 398 (1990) (a district court retains jurisdiction to impose FRCvP 11 sanctions after the plaintiff voluntarily dismisses action); *Covanta Onondaga Ltd. P'ship* v. *Onondaga County Res. Recovery Agency,* 318 F.3d 392, 396 (2d Cir.2003) ("[A] court that has concluded its adjudication of the merits of a case within its jurisdiction by entering a final judgment retains authority to take action with respect to some collateral matters related to the case, such as attorney's fees and costs."). Thus, although this case was closed when the undersigned granted defendant summary judgment, the Court retained jurisdiction to rule on the FRCvP 11 motion for sanctions.

Second, as to Copeland's claim that defendant's FRCvP 11 motion was not properly served, defendant electronically filed its motion and Copeland is registered with the Western District of New York for electronic filing. "By participating in the electronic filing process, parties consent to the electronic service of all documents *** [and] [e]lectronic service of the Notice of Electronic Filing constitutes service of the filed document for all purposes of the [FRCvP] *** and the Local Rules of this Court." CM/ECF Administrative Proc. for W.D.N.Y., at 6. Defendant's motion, therefore, was properly served.

Finally, with regard to the substantive arguments in defendant's motion, plaintiff and Copeland claim that this action was intended to determine if defendant could accommodate plaintiff. If such is true, plaintiff received his answer on July 22, 2004 when defendant provided Copeland with copies of its memoranda in support of its motions for summary judgment and for sanctions. It was clear in defendant's papers that it could not hire plaintiff.

Sanctions pursuant to FRCvP 11 are meant to deter frivolous law suits and are not intended to compensate parties. *See* FRCvP 11(c)(2). The "central purpose of [FRCvP] 11 is to deter baseless filings in district court and thus *** streamline the administration and procedure of the federal courts." *Cooter & Gell* v. *Hartmarx Corp.*, 496 U.S. 384, 393 (1990). Thus, in filing a complaint in federal court, an attorney is certifying that the action was not brought for some improper purpose, that the allegations therein have evidentiary support and that the plaintiff's claims are warranted by existing law. FRCvP 11(b); *see also Vandor, Inc.* v. *Militello*, 2001 WL 135818, at *8 (W.D.N.Y. 2001 ) (Elfvin, J.). To warrant FRCvP 11 sanctions, "it must be clear under existing precedents that there is no chance of success." *Shafii* v. *British Airways, PLC*, 83 F.3d 566, 570 (2d Cir. 1996) (citation and internal quotations omitted). "In making such determination, this Court applies an objective standard of reasonableness to determine if the subject

of the motion has conducted a 'reasonable inquiry' into the basis of the argument." *Vandor*, at *8.

In reviewing the facts of this case and the many warnings Copeland has had as to the complete lack of legal and factual support of plaintiff's claims, it is clear that Copeland should have known that there was no chance plaintiff's claims would have succeeded. Plaintiff had several warnings, in addition to those provided by defendant, that he was not disabled — *viz.*, the Social Security Administration denied him disability benefits, his grievance under the collective bargaining agreement between defendant and his union was dismissed and his charge of discrimination with the Equal Employment Opportunity Commission was dismissed. Copeland should have known, based on an objective standard of reasonableness, that plaintiff was not disabled under the ADA and, thus, defendant was under no obligation to provide him with a reasonable accommodation. With no such duty and without being defined as "disabled", plaintiff has no chance of recovery under the ADA. Finally, plaintiff's and Copeland's alleged and only reason for pursuing this action — having defendant answer whether it could or could not hire plaintiff for another position — was answered on July 22, 2004. Thus, the case should have been voluntarily withdrawn in July 2004. This case, therefore, was completely frivolous and sanctions are appropriate.

The Court is especially cautious in setting the amount of sanctions in a civil rights claim.  *Vandor, Inc.* v. *Militello*, 2001 WL 877495, at *1 (W.D.N.Y. 2001) (Elfvin, J.).  The Court finds that Copeland violated FRCvP 11(b)(2), as this case was not warranted by existing law.  Thus, sanctions against Copeland — not plaintiff — are appropriate.  Defendant claims that it has incurred $61,476 in attorney's fees and costs and expenses in defending this matter.  Clearly, such a sanction is not appropriate.  The Court does not seek to compensate defendant nor does it seek to bankrupt Copeland.  As such, the Court finds that sanctions of $1,000 will serve to deter Copeland and others from pursuing such frivolous actions.

Accordingly, it is hereby **ORDERED** that plaintiff's counsel, R. Lynette Copeland, Esq., shall pay to defendant Roadway Express, Inc. $1,000 as sanctions.

DATED:   Buffalo, N.Y.

January 12, 2006

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.